UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEITH RODRIGUEZ,

Petitioner,

v. 9:26-CV-0729 (GTS)

SHERIFF BRIAN P. SCHNECK,

Respondent.[1]

---

APPEARANCES: OF COUNSEL:

KEITH RODRIGUEZ
Petitioner, pro se
c/o Josephy McCray
919 Walnut Avenue
Niagara Falls, New York 14301

GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."). Petitioner also remitted the statutory filing fee. *See* Dkt. Entry dated 07/19/2024 (including receipt information memorializing the filing fee transaction).

On September 21, 2026, the Court directed petitioner to file an amended pleading. Dkt. No. 38, Decision and Order ("September 2026 Order"). Specifically, petitioner needed to clarify the procedural posture of the state criminal case that he was challenging, as well as

---

[1] Because petitioner was released on his own recognizance, pending his criminal sentencing, petitioner argued that the proper respondent was the Attorney General of New York. 3rd Am. Pet. at 3; Dkt. No. 43 at 10-11. While the Court acknowledges petitioner's request, it will not further examine it since the action is being dismissed without prejudice as premature.

provide information about how he had exhausted his present challenges, or why exhaustion had been rendered unavailable to him. *Id.* at 2-4.

In response, petitioner filed (1) a Second Amended Petition, Dkt. No. 40 ("2d Am. Pet."); (2) a motion for an emergency stay and adjournment of petitioner's state court sentencing, Dkt. No. 41; (3) a Third Amended Petition, Dkt. No. 42 ("3rd Am. Pet."); and (4) Memorandum of Law in Support of his Third Amended Petition and motion, Dkt. No. 43. After reviewing petitioner's submissions, the Court dismisses petitioner's action without prejudice as premature and denies his motion for a stay and adjournment as moot.

## II. THE AMENDED PETITION

"Petitioner [wa]s . . . prosecuted in St. Lawrence County Court . . . for felony offenses[.]" 3rd Am. Pet. at 4. In March of 2026, during petitioner's re-arraignment, he asked to examine the case file and objected to the paperwork purported to be the indictment. *Id.*; Dkt. No. 43 at 7. Petitioner's objection was not resolved. 3rd Am. Pet. at 4. Petitioner contends this renders his prosecution unlawful pursuant to New York Law. *Id.* at 4-5.

"On July 20, 2026, while [petitioner's] jurisdictional objection remained unresolved, [p]etitioner pleaded guilty and was released on his own recognizance pending sentencing. Sentencing is . . . scheduled for October 26, 2026." 3rd Am. Pet. at 5. Despite his plea, petitioner still argued that the absence of a filed indictment rendered his prosecution invalid. *Id.* "By a Decision and Order dated September 2, 2026, the County Court disposed of [p]etitioner's pending pro se motions as moot in light of [his] plea." *Id.*

Petitioner contends that he has attempted to obtain state review of the indictment issue through multiple avenues. He argues that he is not required "to keep knocking on a door the State has closed." Dkt. No. 43 at 7.

Petitioner presented an order to show cause to the New York State Appellate Division, Third Department, to commence a CPLR Article 78 proceeding. 3rd Am. Pet. at 5; Dkt. No. 43 at 8. On November 25, 2025, one of the Associate Justice's declined to sign the order. 3rd Am. Pet. at 6, 22; Dkt. No. 42-1 at 7; Dkt. No. 43 at 8. Petitioner then sought an index number for his denied application, which was eventually provided: *Matter of Rodriguez v. Hobbs*, No. CV-26-0322. 3rd Am. Pet. at 6-7; Dkt. No. 43 at 8. Petitioner also filed a petition, which was answered on or about January 17, 2026. 3rd Am. Pet. at 7.

On June 2, 2026, petitioner served a verified amended petition, along with a request to stay his state court proceedings, which the People opposed. 3rd Am. Pet. at 7. The Third Department "accepted the amended petition for filing, directed service by August 31, 2026, and denied the stay." *Id.* at 8; Dkt. No. 43 at 8.

Concurrently, petitioner also filed a motion to compel the People to file a certified record. 3rd Am. Pet. at 8. Petitioner contends that, after waiting three months for a decision, he inquired as to the motion's status and was told by the Third Department that it had no record of his motion. *Id.* So, petitioner filed a second motion to compel in September of 2026. *Id.* The motion will be perfected on December 18, 2026. *Id.* at 8-9. Thus, "[a]s of the date of this [amended pleading], no decision has issued." *Id.* at 8.

## III. DISCUSSION[2]

The standard governing exhaustion was discussed in detail in the September 2026 Order and will not be repeated here. *See* September 2026 Order at 2-4.

[2] Petitioner argues that abstention should not bar his relief in this circumstance. 3rd Am. Pet. at 12; Dkt. No. 43 at 14-16. While the Court acknowledges petitioner's assertions, because the Court has deemed the petition premature, it need not also address whether abstention applies.

Petitioner argues that he is entitled to federal habeas relief because (1) the Third Department "declined, without stated reason, to sign [p]etitioner's order to show cause," 3rd Am. Pet. at 12-14; and (2) petitioner's "[p]rosecution, [p]lea, and [i]mminent [s]entence [w]ithout an [o]fficially [f]iled [a]ccusatory [i]nsturment," violated petitioner's Due Process rights, *id.* at 14-15. *See also* Dkt. No. 43 at 16-20.

Petitioner contends that any state corrective process is unavailable to him before he is sentenced at the end of the month. 3rd Am. Pet. at 10. Specifically, petitioner argues that he "cannot appeal the plea, the denial of his jurisdictional objection, or the absence of a filed indictment before [his sentencing.]" *Id.*; *see also* Dkt. No. 43 at 12-13. Petitioner is factually correct; however, his understanding of the exhaustion requirement is erroneous.

First, it is important to emphasize that petitioner's objections to the state court process, "such as a lack of subject matter . . . jurisdiction . . . do not excuse him from the requirement to exhaust . . . [because] the exhaustion requirement ensures that the state actually has the opportunity to address a petitioner's objections before a federal court rules on an issue." *Richard-Antonio v. O'Meara,* No. 1:12-CV-5174, 2013 WL 5019395, at *11 (S.D.N.Y. May 21, 2013), *report-recommendation adopted by*, 2013 WL 5049065 (S.D.N.Y. Sept. 13, 2013) (citations omitted).

Second, petitioner must challenge the purported deficiencies in his state court process and conviction via proper procedure and protocols. Petitioner engaged in an ill-fated attempt to use an Article 78 proceeding to challenge the state criminal procedure that ultimately led to his conviction, via his guilty plea. However,

> New York courts have held that an Article 78 Proceeding "is not the proper vehicle through which a prisoner could seek to collaterally challenge a conviction." . . . "'[T]raditional orderly procedure' requires that such contentions be raised either on

> direct appeal or in collateral criminal proceedings commenced in the court of original jurisdiction." . . . Since Petitioner's Article 78 Proceeding is not the proper vehicle to collaterally challenge his criminal conviction, Petitioner's Article 78 proceeding has no relevance to whether or not Petitioner has exhausted any of his claims.

*Roman v. Donelli*, No. 9:06-CV-0230 (NAM/GHL), 2007 WL 1074562, at *3 (N.D.N.Y. Apr. 9, 2007). Instead, pursuant to New York Law, the time period for petitioner to begin exhausting his state court remedies has not yet commenced since he cannot file a direct appeal until after he is sentenced. *See* N.Y. Crim. Pro. Law § 460.10(1)(a) ("A party seeking to appeal from a judgment or a sentence . . . must, within thirty days **after imposition of the sentence** . . . file . . . a written notice of appeal[.]"). Consequently, because the time to file state court challenges has not even started yet, it is impossible to believe that petitioner has already been precluded from engaging in such remedies.

Nonetheless, petitioner does not want to wait to timely file a proper direct appeal or collateral challenge. Instead, he argues he should be entitled to a "pre-judgment avenue" and, because his state court proceedings have been either unsuccessful or remain ongoing, state court remedies are unavailable to him, ineffective for him, and futile to engage in in the future. 3rd Am. Pet. at 10-11; Dkt. No. 43 at 13-14. However, these arguments are unpersuasive. Exhaustion is not rendered unavailable or ineffective just because petitioner's prior experience with the state courts have not produced the outcomes to which he thinks he is entitled, and, similarly, petitioner's potential future filings cannot be deemed futile based on that same past. *See Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)) ("It is well established that a petitioner may not bypass state courts merely because they may be unreceptive to the claim."); *see also Engle v. Issac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and

believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. Allowing criminal defendants to deprive the state courts of this opportunity would contradict the principles [of comity.]").

In sum, the petition is premature and is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[3]

Turning to petitioner's motion for an emergency stay, generally a petitioner with a pending state court matter will use a federal habeas action as a protective filing, seeking to stay their habeas action while their state court action continues. Here, petitioner sought to do the opposite. Petitioner filed an Order to Show Cause seeking to stay his state court criminal sentencing in order for the federal court to adjudicate the correctness of the actions the state court had taken thus far. Dkt. No. 41. Because petitioner's federal habeas action is

[3] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

premature, the Court can also dismiss petitioner's motion to stay his state sentencing proceedings as moot.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Third Amended Petition, Dkt. No. 42, be **DISMISSED WITHOUT PREJUDICE** as premature for failure to exhaust available state court remedies; and it is further

**ORDERED** that the motion to stay and adjourn petitioner's state court criminal sentencing, Dkt. No. 41, be **DENIED** as moot; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[4] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: October 19, 2026
Syracuse, NY

Glenn T. Suddaby
U.S. District Judge

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).